UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MONIQUE DAVIS, on behalf of herself
and all others similarly situated,

                                 Plaintiff,

                                                                         DECISION AND ORDER

                                                                         08-CV-6492L

                         v.

CLEARWAY MORTGAGE, LLC, et al.,

                                 Defendants.
_____

       Plaintiff was employed by defendant Clearway Mortgage, LLC ("Clearway") as a loan officer from April 7, 2005 until April 14, 2008. Plaintiff alleges that during her employment, she was routinely required to work in excess of 40 hours per week and 10 hours per day without being paid overtime. Specifically, Plaintiff contends that whenever she reported hours in excess of 40 per week, those hours were "rolled over" to the following week and recorded and credited as future work, instead of being paid at the overtime rate of time-and-a-half. Plaintiff claims this practice violates the Fair Labor Standards Act, 29 U.S.C. §216(b).

       Defendants assert two counterclaims: breach of contract and the right to contractual indemnity arising out of a Loan Officer Employment Agreement ("Agreement") executed by plaintiff. Pursuant to Section II(A)(I) of the Agreement, plaintiff promised "that [she] will not work more than 40 hours per week without advanced written permission from the Branch Manager." (Dkt.

#14, Exh. 1 at 2). In the event of plaintiff's breach, Section IX of the Agreement requires plaintiff to indemnify and defend Clearway against any resultant "attorneys fees, costs of prudent settlement, judgments, fines or damages." *Id*. at 5.

Plaintiff now moves to dismiss both counterclaims, on the grounds that: (1) Clearway cannot allege that plaintiff breached the Employment Agreement by working in excess of 40 hours per week, while simultaneously claiming in its defense against plaintiff's claims that plaintiff did not work more than 40 hours per week; (2) Clearway has not properly alleged a plaintiff's breach of the Employment Agreement, or damages arising therefrom; and (3) Clearway's counterclaim for indemnity is not stated with sufficient clarity.

For the following reasons, plaintiff's motion is granted in part.

## Discussion

I.  **Standard on a Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). In stating a claim, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## II. Clearway's Breach of Contract Counterclaim

In order to state a claim for breach of contract, Clearway must allege the existence of a contract, breach of the contract, and damages resulting from the breach. *See National Market Share, Inc. v. Sterling National Bank*, 392 F.3d 520, 525 (2d Cir. 2004); *Harsco Corp. v. Segul*, 91 F.3d 337, 348 (2d Cir. 1996).

Neither party disputes the existence and validity of the Agreement relied upon by Clearway. However, plaintiff contends that Clearway's allegation that she breached the Agreement is nothing more than a legal conclusion, unsupported by sufficient factual allegations. Indeed, Clearway's counterclaim characterizes the breach in hypothetical terms, and alleges only that if the facts described by plaintiff in her complaint prove to be true, *then* plaintiff breached the Agreement.

Nonetheless, despite its' conjectural nature, Clearway's counterclaim is not unsupported by factual allegations. It specifically incorporates, by reference, the facts alleged by plaintiff in her complaint, as well as the terms of the Agreement, and although denying elsewhere the truth of plaintiff's allegations, makes the logical argument that if plaintiff's contentions are in fact true, then her complaint describes a breach of the Agreement. Such pleading, analogous to pleading in the alternative, is clearly sanctioned by Federal Rule of Civil Procedure 8. Fed. Rules Civ. Proc. R. 8(d) ("[a] party may state as many separate claims or defenses as it has, regardless of consistency"). *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (formalities of pleading should not distract from merits). As such, I find that Clearway has adequately pled a breach of the Employment Agreement.

Clearway's failure to allege damages presents a closer question. Although as a matter of practicality it is, as Clearway asserts, "beyond obvious" what damages Clearway intends to claim, Clearway's counterclaim must nonetheless *allege* the existence of damages – whether or not such damages are contingent upon the success of plaintiff's claims – in order to fulfill the threshold requirements of notice pleading. *See Counsel Fin. Servs. v. Melkerson Law, P.C.*, 602 F. Supp. 2d 448, 452 (W.D.N.Y. 2009) (whether or not damages are self-evident from a pleading's allegations of breach, defendants must nonetheless "proffer[] allegations of actual damages" resulting from the breach in order to avoid dismissal); *Levisohn, Lerner, Berger & Langsam v. Medical Taping Sys., Inc.*, 10 F. Supp. 2d 334, 344 (S.D.N.Y. 1998) (same). As such, Clearway's counterclaim for breach of contract is dismissed, with leave to replead. *See* Fed. Rules Civ. Proc. R. 15 ("[t]he court should freely give leave when justice so requires"); *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) ("if the court dismisses the complaint for failure to comply with Rule 8, it should generally give the plaintiff leave to amend. This is especially true when the complaint states a claim that is on its face nonfrivolous.").

### III. Clearway's Contractual Indemnity Counterclaim

Plaintiff provides no support for her claim that Clearway's Second Counterclaim lacks sufficient factual allegations upon which relief can be granted. To the contrary, Clearway incorporates by reference the facts alleged in support of its initial counterclaim and the Agreement itself, alleges that if the complaint's allegations are true then plaintiff breached the Agreement, and contends that in the event a judgment is obtained against Clearway in the instant action, plaintiff is obligated by the Agreement's express terms to indemnify Clearway for such damages. This

counterclaim recites the pertinent facts and includes all the requisite elements of a standard contractual indemnity claim.  Accordingly, plaintiff's motion to dismiss it for failure to state a claim must is denied.  *See e.g.*, *Bayer Corp. v. Smithkline Beecham PLC*, 1996 U.S. Dist. LEXIS 918 at *9 (S.D.N.Y. 1996).

**Conclusion**

Plaintiff's motion to dismiss (Dkt. #7) is granted, in part.  Clearway's First Counterclaim for breach of contract is dismissed, without prejudice and with leave to replead.  Clearway may file an Amended Answer with Counterclaims within twenty (20) days of entry of this order.  The remainder of plaintiff's motion is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 31, 2009.